UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK WELLS,<br><br>        Plaintiff,<br><br>v.<br><br>ROSA GONZALES,<br><br>        Defendant. | Case No. 1:17-cv-01240-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF NO. 27)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Frank Wells ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action is proceeding on Plaintiff's original complaint (ECF No. 1), on Plaintiff's claims against defendant Rosa Gonzales for violation of Plaintiff's First Amendment right to free exercise of religion, violation of the Religious Land Use and Institutionalized Persons Act of 2000, retaliation in violation of the First Amendment, unreasonable searches in violation of the Fourth Amendment, and violation of California's Bane Act. (ECF No. 10).

    On March 26, 2019, Plaintiff filed a motion for a preliminary injunction ("the Motion"). (ECF No. 27).

    For the reasons described below, the Court recommends denying the Motion.

///

## I. THE MOTION

Plaintiff alleges that on March 22, 2019, prison officials threatened to transfer him. Plaintiff informed prison officials that he has ongoing litigation, and that a transfer would "greatly hinder" him from prosecuting his case.

Plaintiff asks for an injunction prohibiting officials from carrying out a retaliatory transfer.

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that the Motion be denied. To begin, Plaintiff does not appear to be alleging that the defendant in this case had anything to do with the transfer (Plaintiff does not name the officials who allegedly decided to transfer him, or the officials that he informed about his ongoing litigation). Plaintiff also does not allege that the defendant in this case has authority to prevent the transfer.

Additionally, Plaintiff has provided no evidence that the alleged transfer is retaliatory in nature. Instead, Plaintiff alleges, in a conclusory fashion, that the transfer is retaliatory.

Finally, Plaintiff has failed to establish that he is likely to suffer irreparable harm from a transfer. While Plaintiff alleges that the transfer will "greatly hinder" his ability to prosecute this case, Plaintiff does not explain (or present evidence to show) how the transfer will "greatly hinder" his ability to prosecute this case. The Court notes that if there is a particular deadline Plaintiff is unable to meet because of a transfer, Plaintiff may file a motion for an extension of that deadline.

### IV. RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 4, 2019**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE