UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK WELLS,<br><br>    Plaintiff,<br><br>v.<br><br>ROSA GONZALES,<br><br>    Defendant. | Case No. 1:17-cv-01240-DAD-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Frank Wells ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Barbara A. McAuliffe to conduct a settlement conference at the United States District Court, 2500 Tulare Street, Fresno, California, 93721, in Courtroom #8 on February 27, 2020, at 9:30 a.m. The Court will issue the necessary transportation order concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. A settlement conference is set for February 27, 2020, at 9:30 a.m., in Courtroom #8, before Magistrate Judge Barbara A. McAuliffe, at the United States District Court, 2500 Tulare Street, Fresno, California, 93721.

2. A representative with full and unlimited authority to negotiate and enter into a binding

settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a confidential settlement statement to the following email address: bamorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Barbara A. McAuliffe, U.S. District Court, 2500 Tulare Street, Fresno, California 93721. The envelope shall be marked "Confidential Settlement Statement." Settlement statements shall arrive no later than February 20, 2020. Parties shall also file a <u>Notice of Submission of Confidential Settlement Conference Statement</u> (<u>see</u> Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." <u>United States v. United States District Court for the Northern Mariana Islands</u>, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989), <u>cited with approval in Official Airline Guides, Inc. v. Goss</u>, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. <u>Pitman v. Brinker Int'l., Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), <u>amended on recon. in part</u>, <u>Pitman v. Brinker Int'l., Inc.</u>, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. <u>Pitman</u>, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 596-97 (8th Cir. 2001).

prevailing on the claims and defenses; and a description of the major issues in dispute.

c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

e. A brief statement of the party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

f. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, a brief description of each action or claim as set forth above, including case number(s) if applicable.

IT IS SO ORDERED.

Dated: **February 11, 2020**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE