UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK WELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSA GONZALES,<br><br>    Defendant. | No. 1:17-cv-01240-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, IN PART, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, IN PART<br><br>(Doc. Nos. 58, 75, 92) |

Plaintiff Frank Wells is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case proceeds against defendant on plaintiff's First Amendment free exercise claim, Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") claim, First Amendment retaliation claim, Fourth Amendment unreasonable search claim, and claim under California Civil Code § 52.1 (the "Bane Act"). (Doc. Nos. 1, 8, 10.)

On May 14, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment (Doc. No. 58) be granted in part, and that defendant's motion to strike plaintiff's unauthorized sur-replies (Doc. No. 75) be denied. (Doc. No. 92.) In particular, the magistrate judge recommended that defendant's motion for summary judgment on plaintiff's First Amendment free exercise claim, RLUIPA claim, and

Fourth Amendment unreasonable search claim be granted, but that summary judgment on plaintiff's First Amendment retaliation claim and Bane Act claim be denied. (*Id.* at 24.) In addition, the magistrate judge found that defendant is not entitled to summary judgment on qualified immunity grounds with respect to plaintiff's First Amendment retaliation claim. (*Id.* at 22–24.) The findings and recommendations contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.* at 23.) On June 11, 2020, the court provided plaintiff with an extension of time in which to either file his objections or request an additional extension of time in which to do so. (Doc. No. 96.) On July 28, 2020, the court granted plaintiff a second 30-day extension of time in which to file his objections. (Doc. No. 98.) To date, plaintiff has not filed any objections to the pending findings and recommendations, and the time in which to do so has now passed. On June 11, 2020, defendant timely filed her objections to the pending findings and recommendations. (Doc. No. 95.) Plaintiff did not file a reply to defendant's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendant's objections, the undersigned adopts the pending findings and recommendations, in part. For the reasons discussed below, the undersigned declines to adopt the pending findings and recommendations as to plaintiff's Bane Act claim. As to plaintiff's other claims, the undersigned concludes that the pending findings and recommendations are supported by the record and by proper analysis.

In her objections to the pending findings and recommendations, defendant objects to the recommendation that her motion for summary judgment on plaintiff's retaliation and Bane Act claims be denied. (Doc. No. 95 at 2.) Defendant also objects to the magistrate judge's finding that she is not entitled to qualified immunity with respect to plaintiff's retaliation claim. (*Id.* at 7–8.) Defendant does not object to the recommendation that her motion to strike be denied.

As to plaintiff's retaliation claim, defendant contends that the magistrate judge failed to consider that her conduct advanced a legitimate penological goal, which defendant characterizes as "discouraging inmates from unlawfully obtaining contraband." (*Id.* at 2–5.) However, the

undersigned notes that the magistrate judge did in fact consider defendant's argument in this regard, providing the following analysis:

> Defendant contends that "preventing contraband is a legitimate, compelling interest" and that she "had legitimate penological reasons to counsel Plaintiff." ([Doc. No. 58-2] at 25). There is no doubt that "[c]ontrolling contraband within a prison is a legitimate penological interest." *Nunez v. Duncan*, 591 F.3d 1217, 1228 (9th Cir. 2010). Rather, the question is whether threatening to write Plaintiff up for manipulation of staff in response to Plaintiff stating that he would file a staff misconduct complaint reasonably advanced the goal of controlling contraband. The Court finds that it does not. Plaintiff has a First Amendment right to file a grievance, even if the subject of that grievance concerns his purported right to keep something that a prison official believes is contraband. Filing a grievance does not itself entitle him to keep the artifact. It merely provides a method to express his complaint and receive direction from the prison. Filing a grievance, or threatening to file one, is not a manipulation of staff. It is a First Amendment right. Thus, threatening to write Plaintiff up for manipulating staff did not reasonably advance the goal of controlling contraband, especially as the contraband in question (*i.e.*, the [Native spiritual artifact] soap bear totem) had already been confiscated.
>
> Accordingly, the Court finds Plaintiff has put forth evidence that, taken in the light most favorable to Plaintiff, presents a genuine issue of material fact regarding whether Defendant Gonzales threatened to write Plaintiff up for manipulation of staff in response to Plaintiff's declaration that he would file a staff misconduct complaint and whether the action did not reasonably advance a legitimate correctional goal.

(Doc. No. 92 at 13–14.) Defendant's objections simply do not address this analysis. Moreover, the undersigned finds the magistrate judge's analysis to be proper and supported by the record. Notably, the undersigned agrees that there are genuine issues of material fact that preclude summary judgment in defendant's favor on plaintiff's retaliation claim because, as the magistrate judge correctly found,

> [i]t is undisputed that Plaintiff approached Defendant Gonzales on November 18, 2016 to informally resolve the confiscation of the soap bear totem. Although the parties characterize the subsequent conversation in contrasting terms—counseling, informing, advising as opposed to threatening—it is undisputed that Plaintiff stated that he intended to file a staff misconduct complaint against Defendant and that Defendant stated that if Plaintiff continued he would be written up for manipulation of staff.

(Doc. No. 92 at 12) (internal citations omitted). In addition, the magistrate judge noted that the

3

1 parties disputed "whether the manipulation of staff write-up would be in the form of a counseling
2 chrono (CDCR form 128) or a rules violation report (CDCR form 115)." (*Id.* at n.7.)

3       As to defendant's assertion of her entitlement to qualified immunity with respect to plaintiff's retaliation claim, the magistrate judge found that plaintiff's right under the First Amendment to file an inmate grievance was clearly established in November 2016 when he told defendant that he intended to file a staff misconduct complaint against her. (Doc. No. 92 at 12, 23–24) (citing *Entler v. Gregoire*, 872 F.3d 1031, 1043 (9th Cir. 2017) (concluding that "a reasonable official would [] have understood that disciplining Entler for threatening to file a civil suit was constitutionally impermissible")). In other words, "it was clearly established in November 2016 that plaintiff's threat to file a staff complaint against defendant Gonzales was protected conduct," and thus defendant is not entitled to summary judgment in her favor on qualified immunity grounds with respect to plaintiff's claim that defendant retaliated against him by threatening to write him up for manipulation of staff after he stated he intended to file a staff complaint. (*Id.* at 24.) The undersigned agrees with the magistrate judge's finding in this regard. *See Gleason v. Placencia*, No. 1:19-cv-00539-LJO-EPG, 2020 WL 3497001, at *3 (E.D. Cal. June 29, 2020) (noting "threats of action, through either inmate grievance or lawsuit, have been clearly 'embraced' as one of the contours of the constitutional right to redress of grievances" under Ninth Circuit precedent).

      Defendant argues that the magistrate judge erred in focusing "on a general broad proposition" instead of 'the specific factual context of the case." (Doc. No. 95 at 8.) According to defendant, the qualified immunity inquiry in this case is: "would a reasonable prison official in Gonzales's position have known that counseling an inmate that they cannot manipulate a staff member to obtain contraband, was a violation of plaintiff's constitutional rights?" (*Id.*) While the undersigned recognizes that the qualified immunity inquiry must be undertaken in light of the specific context of the particular case, *see Saucier v. Katz*, 533 U.S. 194, 201 (2001), here the magistrate judge correctly found that there is a genuine dispute of material fact regarding defendant's conduct, i.e., whether defendant "counseled" plaintiff to discourage inmates from obtaining contraband or "threatened" plaintiff with a write up for manipulation of staff in

4

response to his statement that he intended to file a grievance.  If the finder of fact were to find the latter, defendant would not be entitled to qualified immunity.  Accordingly, based on the evidence before the court on summary judgment, the undersigned agrees that defendant is not entitled to summary judgment in her favor on qualified immunity grounds with respect to plaintiff's retaliation claim.[1]

Finally, as to plaintiff's Bane Act claim, defendant contends that the magistrate judge erred in failing to consider that speech alone cannot lead to liability under the Bane Act because "[s]peech is insufficient to establish the requisite threat unless it includes threats of violence." (Doc. No. 95 at 6.)  Defendant argues that the evidence before the court on summary judgment shows that she did not threaten violence at any time, and at most, she threatened to write plaintiff up for manipulation of staff and announced a punitive search of the law library in response to plaintiff's stating his intention to file a staff misconduct complaint against her.  (*Id.*)  The undersigned notes that defendant appears to be raising this argument for the first time in her objections to the pending findings and recommendations and thus it was not addressed by the magistrate judge.  Nevertheless, it is true that the Bane Act explicitly states that "speech alone is not sufficient to support" a § 52.1 action, unless the "speech itself threatens violence" and the person against whom the threat is directed "reasonably fears that, because of the speech, violence

---

[1] Defendant also objects to the magistrate judge's recommendation that summary judgment on plaintiff's retaliation claim—specifically that defendant retaliated against him on November 18, 2016 by announcing a search of the law library clerk station where he worked—be denied.  (Doc. No. 95 at 5.)  Though not entirely clear, it appears that defendant objects because, according to defendant, the magistrate judge did not afford appropriate deference and flexibility to defendant, who submitted a declaration stating that she would have searched that area regardless of plaintiff's intent to file a staff complaint.  (*Id.*)  The undersigned is not persuaded by defendant's argument, particularly because the magistrate judge correctly found that the evidence before the court on summary judgment, when taken in the light most favorable to plaintiff, established that there is a genuine issue of material fact regarding "whether Defendant Gonzales announced a punitive search of the law library in response to Plaintiff's declaration that he would file a staff misconduct complaint and whether the action did not reasonably advance a legitimate correctional goal."  (Doc. No. 92 at 16.)  Whether deference is due or not, the court does not weigh evidence or make credibility determinations at the summary judgment stage.  *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Nor does the judge [on summary judgment] make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions").

will be committed" and that "the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52 .1(j); *see also Price v. Peerson*, 13-cv-3390-PSG-JEM, 2014 WL 12579814, at *3 (C.D. Cal. Feb. 12, 2014) ("As California courts and federal district courts in the Ninth Circuit continually make clear, the Bane Act requires much more by way of threat, intimidation, and coercion than an allegedly false disturbance report.") (and cases cited therein). The undersigned finds that the evidence before the court on summary judgment does not include any evidence even suggesting that defendant threatened violence against plaintiff. Here, the evidence on summary judgment is undisputed that defendant Gonzales did not actually issue a chrono or a rules violation report against plaintiff. Likewise, there is no allegation or evidence that defendant Gonzales conducted a search of plaintiff's work station at the law library as she had announced on November 18, 2016 that she would do two weeks later. Thus, plaintiff's Bane Act claim is premised solely on alleged speech by defendant Gonzales. Accordingly, the court will decline to adopt the findings and recommendations with respect to plaintiff's Bane Act claim and will grant defendant's motion for summary judgment on that claim.

Accordingly,

1. The findings and recommendations issued on May 14, 2020 (Doc. No. 92) are adopted, in part;
2. Defendant's motion for summary judgment (Doc. No. 58) is granted in part and denied in part;
   a. Summary judgment is granted in defendant's favor on plaintiff's First Amendment free exercise claim, RLUIPA claim, Fourth Amendment unreasonable search claim, and Bane Act claim;
   b. Summary judgment is denied as to plaintiff's First Amendment retaliation claim;
   c. Defendant is not entitled to qualified immunity on plaintiff's First Amendment retaliation claim;
3. Defendant's motion to strike (Doc. No. 75) is denied; and

/////

4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**September 21, 2020**__      _____
                                       UNITED STATES DISTRICT JUDGE