UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK WELLS,<br><br>             Plaintiff,<br><br>    v.<br><br>ROSA GONZALES,<br><br>             Defendant. | Case No. 1:17-cv-01240-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT BE DENIED AND THAT JURISDICTION OVER THIS MATTER BE TERMINATED<br><br>(ECF No. 112)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.   <u>INTRODUCTION</u>

Frank Wells ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case settled (ECF No. 107) and was closed (ECF Nos. 109 & 110).  However, the Court retained jurisdiction to enforce the terms of the settlement agreement.  (ECF No. 110).

On July 6, 2021, Plaintiff filed what the Court construes as a motion to enforce the settlement agreement.  (ECF No. 112).  Plaintiff argues that Defendant[1] improperly seized the entire settlement payment for restitution, notwithstanding a law and a regulation limiting any deduction of deposits into a trust account to a maximum of 50% of the amount deposited.  On

---

[1] Rosa Gonzales, the named defendant, entered into the settlement agreement with Plaintiff.  Based on the terms of the settlement agreement, the California Department of Corrections and Rehabilitation made the settlement payment.  As the parties' filings fail to distinguish between these actors in connection with this motion, the Court will refer to them collectively as "Defendant."

1    July 19, 2021, Defendant filed an opposition.  (ECF No. 113).  On August 6, 2021, Plaintiff

2    filed a reply.  (ECF No. 114).

3         On September 16, 2021, the Court held a hearing on the motion.  (ECF No. 117).  After

4    the hearing, the Court directed each party to "submit evidence regarding the inflow and

5    outflow of funds from Plaintiff's prisoner trust account from April 1, 2021, to May 31, 2021."

6    (Id.).  The Court also allowed each party to "submit a supplemental brief that is no longer than

7    five pages in length addressing the issues discussed during the hearing, including if relevant

8    the proper remedy if funds were improperly deposited in Plaintiff's prisoner trust account."

9    (Id.).

10        On September 27, 2021, Defendant filed evidence and a supplemental brief.  (ECF No.

11   118).  On September 30, 2021, Plaintiff filed evidence and a supplemental brief.  (ECF No.

12   119).

13        For the reasons described below, the Court will recommend that Plaintiff's motion be

14   denied.

15   II.     **THE PARTIES' POSITIONS AND EVIDENCE**

16         *A.  Plaintiff's Motion*

17        Plaintiff argues that the California Department of Corrections and Rehabilitation

18   ("CDCR") improperly seized the entire $5,000 settlement payment to pay for restitution.  (ECF

19   No. 212, p. 2).

20        Plaintiff states that, according to the terms of the settlement agreement (which he

21   attached as an exhibit), the agreement "is set forth in accordance with Governing Laws of

22   California."  (ECF No. 112, p. 1).

23        Plaintiff cites to California Penal Code § 2085.5 and argues that it states that the CDCR

24   was only authorized to deduct a maximum of 50% of the amount that was put into his trust

25   account.  As relevant here, that section states:

26        (a) If a prisoner owes a restitution fine imposed pursuant to subdivision (a) of
          Section 13967 of the Government Code, as operative prior to September 29,
27        1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or
          subdivision (b) of Section 1202.4 of this code, the secretary shall deduct a
28        minimum of 20 percent or the balance owing on the fine amount, whichever is

less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation Board for deposit in the Restitution Fund. The amount deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of the payments.

(c) If a prisoner owes a restitution order imposed pursuant to subdivision (c) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (h) of Section 730.6 of the Welfare and Institutions Code, or subdivision (f) of Section 1202.4 of this code, the secretary shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law.  The secretary shall transfer that amount to the California Victim Compensation Board for direct payment to the victim, or payment shall be made to the Restitution Fund to the extent that the victim has received assistance pursuant to that program.  The sentencing court shall be provided a record of the payments made to victims and of the payments deposited to the Restitution Fund pursuant to this subdivision.

Cal. Penal Code § 2085.5(a), (c).

Plaintiff also cites to California Code of Regulations, Title 15, § 3097(j), which states "Joint Venture Program deposits, funds designated to pay the costs of a family visit ( 'family visit funds'), Temporary Community Leave funds, federal disability payments, veteran benefits, any reimbursement to an inmate as a result of a claim for lost or damaged property, or money reimbursed to an inmate due to a failed attempt to purchase merchandise are exempt from deductions for fines and direct orders of restitution enumerated in subsections (a), (b), (c), (d), (e), and (f)."  Plaintiff argues that his case is founded on a claim for loss of property, and thus this section applies to prevent any deductions from the settlement payment.  (ECF No. 112, p. 2).

Plaintiff states that he would not have entered into the agreement if he knew that Defendant was not going to follow applicable law.  (Id.).

Plaintiff asks the Court to hold Defendant in breach of the settlement agreement and order it to pay him the entire settlement amount.  (Id.).  Plaintiff also asks the Court to order the CDCR not to impede Plaintiff from using the funds once they are returned, and that the CDCR be ordered "to expedite the order" of the court.  (Id. at 3).

\\\

1

### B.  Defendant's Opposition

2          Defendant argues that Plaintiff's motion should be denied and that the Court should

3   terminate its jurisdiction over the matter.  (ECF No. 113, p. 1).

4          According to Defendant, the settlement agreement states:

5          Plaintiff understands that CDCR is obligated by California Penal Code section
           2085.8 to collect any amounts owed by a prisoner under a restitution fine or
6          order, including any administrative fees related to such amounts.  Such amounts
           and fees will be deducted from the settlement amount and paid on Plaintiff's
7          behalf as required by Penal Code section 2085.8.  If the settlement amount
           exceeds the restitution amounts and fees, the excess balance shall be made by
8          check to Plaintiff's inmate trust account.

9

10  (ECF No. 113, p. 2) (quoting ECF No. 112, p. 8, section III-2).

11         And, California Penal Code § 2085.8 states that settlement proceeds shall be paid

12  directly to satisfy any outstanding restitution orders:

13         Compensatory or punitive damages awarded by trial or settlement to any
           inmate… in connection with a civil action brought against a federal, state, or
14         local jail, prison, or correctional facility, or any official or agent thereof, shall
           be paid directly, after payment of reasonable attorney's fees and litigation costs
15         approved by the court, to satisfy any outstanding restitution orders or restitution
           fines against that person.  The balance of the award shall be forwarded to the
16         payee after full payment of all outstanding restitution orders and restitution
           fines….
17

18  (ECF No. 113, p. 2) (quoting Cal. Penal Code § 2085.8(a)).

19         "Furthermore, the material terms of the settlement were put on the record during the

20  February 19, 2021 settlement conference, including that any settlement proceeds would be

21  reduced by deductions to cover administrative fees and any outstanding restitution balances,

22  and any other fees or costs owed by Plaintiff."  (Id. at 3).

23         "Based on the foregoing, CDCR has not breached the settlement agreement.  Therefore,

24  this Court should deny Plaintiff's motion and terminate its jurisdiction over the matter as the

25  terms of the settlement agreement have been fulfilled."  (Id.)

26         ### C.  Plaintiff's Supplemental Brief and Evidence

27         In his supplemental brief, Plaintiff argues that the settlement funds were placed into his

28  account before being taken out to pay his restitution obligations and an administrative fee in

    violation of California Penal Code § 2085.8.  This shows that no clerical error was made, but

                                              4

1  that the CDCR intentionally placed the funds into his account and then performed the

2  deductions, which would be subject to the 50% limitation.  As the funds were placed in his

3  account, California Code of Regulations, Title 15, § 3097 must be applied.  Plaintiff also asks

4  the Court to apply § 3097(c) and order that half of the settlement payment be placed in

5  Plaintiff's trust account.  Plaintiff also asks the Court to order that no administrative fee be

6  applied, as this amount has already been collected.

7          In support of his assertion that the settlement funds were placed into his trust account,

8  Plaintiff submitted a copy of his Inmate Account Statement dated May 12, 2021, which shows

9  the transactions that occurred on May 6, 2021, as follows: On May 6, 2021, a deposit of $5,000

10  labeled "DIRECT RESTITUTION PAYMENT," bringing Plaintiff's account balance to

11  $5.000.15.  (ECF No. 119, p. 4).  Also on May 6, 2021, a deduction of $4,761.91 labeled

12  "RESTITUTION FINE PAYMENT," bringing Plaintiff's account balance to $238.24.  (Id.).

13  Additionally, also on May 6, 2021, a deduction of $238.09 labeled an "ADMINISTRATIVE

14  FEE," bringing Plaintiff's account balance to $0.15.  (Id.).

15                     *D. Defendant's Supplemental Brief and Evidence*

16          In its supplemental brief, Defendant argues that Plaintiff is incorrect that California

17  Penal Code § 2085.5, California Code of Regulations, Title 15, § 3097(a)-(f), and California

18  Code of Regulations, Title 15, § 3097(j) cap the amount of restitution that Plaintiff was

19  required to pay from the settlement award.  (ECF No. 118, p. 2).

20          "California Penal Code section 2085.8 legally requires CDCR to pay Plaintiff's

21  restitution first, and then deposit any remaining funds into his trust account.  Therefore, Penal

22  Code section 2085.5 and Title 15, section 3097(a)-(f), which deal with trust account deposits,

23  do not apply to payment of Plaintiff's restitution under Penal Code section 2085.5.  Likewise,

24  Title 15, section 3097(j), which specifically states that it is an exception to deductions from

25  trust account deposits under section 3097(a)-(f) for property reimbursement, does not apply to

26  Penal Code section 2085.8.  Moreover, Plaintiff was proceeding on a retaliation claim and the

27  settlement was paid to resolve his lawsuit under 42 U.S.C. section 1983, not to reimburse him

28  for lost or damaged property."  (ECF No. 118, p. 3).

1    "The requirement that the settlement funds be applied to Plaintiff's restitution was also

2    stated and agreed to in the settlement agreement and on the record at the settlement conference.

3    And Plaintiff's settlement was processed in accordance with California Penal Code section

4    2085.8, as shown in the CDCR Settlement Flow Chart.  At the time of settlement, Plaintiff

5    owed $9,436.46 in restitution obligations, therefore, the settlement was paid directly to his

6    restitution obligations from the settlement check.  Because the full amount of [] Plaintiff's

7    $5,000 settlement was applied to his restitution (subject to an administrative fee), there were no

8    funds left to deposit into his trust account."  (ECF No. 118, p. 3) (citations omitted).

9    "Furthermore, even if CDCR had erred in the processing of a settlement, payment of

10   restitution is legally required under California law.  See Cal. Penal Code § 1202.4 (restitution

11   requirement following criminal conviction); Cal. Penal Code § 2085.8 (settlements shall be

12   paid directly to restitution).  Consequently, both common sense and statutory authority indicate

13   that an inmate should not be able to exploit clerical errors to avoid their restitution obligations.

14   Instead, the remedy would be to correct the error to ensure the appropriate amount of

15   restitution is paid to the inmate's victim(s)."  (ECF No. 118, p. 3) (footnote omitted).

16   In support of its assertion that the settlement funds were not paid directly to Plaintiff,

17   Defendant submitted the declaration of S. Saunders, an accounting administrator at CDCR; a

18   settlement flow chart, which shows the order of disbursement for settlements awarded to

19   represented plaintiffs; a copy of Plaintiff's restitution obligations; and an Inmate Statement

20   Report for Plaintiff's account from May 1, 2021, to September 20, 2021.

21   **III.    ANALYSIS**

22       *A.  Deduction for Restitution*

23   The parties rely on the following statutes and a regulation, which apply to Defendant's

24   ability to deduct restitution from a settlement payment to Plaintiff.

25   California Penal Code section 2085.8(a) states that restitution shall be paid directly out

26   of any settlement:

27       Compensatory or punitive **damages awarded by** trial or **settlement to any
         inmate,** parolee, person placed on postrelease community supervision pursuant

28       to Section 3451, or defendant on mandatory supervision imposed pursuant to

subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, *shall be paid directly*, after payment of reasonable attorney's fees and litigation costs approved by the court, *to satisfy any outstanding restitution orders or restitution fines against that person.*  The balance of the award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines, subject to subdivision (c).

Cal. Penal Code § 2085.8(a) (emphasis added)

However, California Penal Code section 2085.5 states that restitution may be deducted from trust account deposits up to a maximum of 50% of deposits:

(a) *If a prisoner owes a restitution fine* imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4 of this code, *the secretary shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner,* unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation Board for deposit in the Restitution Fund.  The amount deducted shall be credited against the amount owing on the fine.  The sentencing court shall be provided a record of the payments.

(c) *If a prisoner owes a restitution order* imposed pursuant to subdivision (c) of Section 13967 of the Government Code, as operative prior to September 29, 1994, subdivision (h) of Section 730.6 of the Welfare and Institutions Code, or subdivision (f) of Section 1202.4 of this code, *the secretary shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner,* unless prohibited by federal law.  The secretary shall transfer that amount to the California Victim Compensation Board for direct payment to the victim, or payment shall be made to the Restitution Fund to the extent that the victim has received assistance pursuant to that program.  The sentencing court shall be provided a record of the payments made to victims and of the payments deposited to the Restitution Fund pursuant to this subdivision.

Cal. Penal Code § 2085.5(a), (c) (emphasis added).

California Code of Regulations, Title 15, section 3097(c) similarly limits the department to 50% of trust account deposits to pay a restitution order:

Effective January 1, 2007 and thereafter, *when an inmate owes any obligation pursuant to a direct order of restitution imposed by a court, the department shall deduct 50 percent or the balance owing, whichever is less, from the*

1    *inmate's wages and trust account deposits* regardless of the source of such
2    income, subject to the exemptions enumerated in subsection (j).  In addition, an
     administrative fee of 10 percent of the deduction shall be deducted to reimburse
3    the department for its administrative costs, for a maximum deduction of 55
     percent.

4    Cal. Code Regs. tit. 15, § 3097(c) (emphasis added).

5          Although at first glance these appear inconsistent, in that California Penal Code section

6    2085.8(a) says that settlement payments should be applied to restitution while California Penal

7    Code section 2085.5 and California Code of Regulations, Title 15, § 3097(c) limit the amount

8    that can be deducted to approximately 50%, they can be read consistently based on the flow of

9    deposits.  California Penal Code section 2085.8(a) provides that for a settlement payment in a

10   civil action like this one, restitution "shall be paid directly."  California Penal Code section

11   2085.5 and California Code of Regulations, Title 15, § 3097(c), on the other hand, limit the

12   amount of a payment that can be deducted once the payment is deposited in a prison trust

13   account, up to a maximum of approximately 50%.

14         By the plain terms of these statutes, and consistent with the terms of the settlement

15   agreement, the settlement payment should have been paid directly to restitution, and only if

16   there was a balance left over should those funds have been deposited into Plaintiff's trust

17   account.  In other words, if Defendant had complied fully with the settlement agreement and

18   applicable law, the entire $5,000 settlement should have been paid to restitution and no funds

19   should have been deposited into Plaintiff's trust account.

20         It is not clear as a matter of fact if this happened.  On the one hand, according to the

21   declaration of S. Saunders, an Accounting Administrator with the California Department of

22   Corrections and Rehabilitation, the restitution payment was made directly.  (ECF No. 118-1, p.

23   2).  And, the transaction type on the Inmate Statement Report does say "DIRECT

24   RESTITUTION PAYMENT."  (Id. at 10).  On the other hand, the Inmate Statement Report

25   also shows Plaintiff's account balance increasing with the settlement payment and decreasing

26   with the payment of restitution and the administrative fee.  (Id.).

27         Thus, it appears possible that the settlement funds were improperly, but momentarily,

28   deposited in Plaintiff's trust account instead of being paid directly to restitution.  It is also

1  possible that the funds were paid directly but were reflected as a matter of accounting on the
2  Inmate Statement Report.

3    In the end, the Court believes it need not determine this factual question.  This is a
4  motion to enforce the settlement agreement.  If the Court were to enforce the settlement
5  agreement, it would require payment directly to restitution, as required by Section 3, paragraph
6  2 of the settlement agreement[2] and California Penal Code section 2085.8(a).  There is no
7  factual scenario that would entitle Plaintiff to the full settlement amount, or even half the
8  settlement amount.

9        *B.   Provision for Property Claims*

10    In the alternative, Plaintiff argues that California Code of Regulations, Title 15, section
11  3097(j), prevented Defendant from deducting any of the settlement payment to pay for
12  restitution because his case is founded on a claim for loss of property, and California Code of
13  Regulations, Title 15, section 3097(j) applies to prevent any deductions from the settlement
14  payment.  California Code of Regulations, Title 15, section 3097(j) states that "any
15  reimbursement to an inmate as a result of a claim for lost or damaged property … are exempt
16  from deductions for fines and direct orders of restitution enumerated in subsections (a), (b), (c),
17  (d), (e), and (f)."

18    However, this action is not proceeding on a claim for lost or damaged property.  As of
19  the date of settlement, this case was only proceeding on a section 1983 First Amendment
20  retaliation claim.  (See ECF Nos. 92, 100, & 107).  And, in denying summary judgment to
21  Defendant on Plaintiff's retaliation claim, the Court found that "Plaintiff has put forth evidence
22  that, taken in the light most favorable to Plaintiff, presents genuine issues of material fact
23  regarding whether Defendant Gonzales threatened to write Plaintiff up for manipulation of
24  staff and announced a punitive search of the law library in response to Plaintiff's declaration
25  that he would file a staff complaint and that such actions did not reasonably advance a

26
27
28

---

[2] "CDCR shall pay Plaintiff $5,000 (the settlement amount).  However, Plaintiff understands that CDCR is obligated by California Penal Code Section 2085.8 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts.  Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.8.  If the settlement amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account."  (ECF No. 112, p. 8).

1  legitimate correctional goal." (ECF No. 92, p. 18; ECF No. 100, pgs. 2-3 & 6). Thus, the

2  claims that survived summary judgment involved a threatened write-up and the announcement

3  of a punitive search, not lost or damaged property.

4      Moreover, as discussed above, California Code of Regulations, Title 15, section 3097

5  deals with deposits to an inmate's trust account, and the entire settlement payment should have

6  been paid directly to restitution without ever being placed into Plaintiff's trust account.

7      Accordingly, based on the foregoing, the Court will recommend that Plaintiff's motion

8  to enforce the settlement agreement be denied.

9      **IV.    CONCLUSION AND RECOMMENDATIONS**

10     For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion to

11  enforce the settlement agreement (ECF No. 112) be denied and that jurisdiction over this

12  matter be terminated.

13     These findings and recommendations are submitted to the United States district judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

15  (14) days after being served with these findings and recommendations, any party may file

16  written objections with the court. Such a document should be captioned "Objections to

17  Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

18  served and filed within fourteen (14) days after service of the objections. The parties are

19  advised that failure to file objections within the specified time may result in the waiver of

20  rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

21  Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22  IT IS SO ORDERED.

23     Dated:   **October 12, 2021**         /s/ Erica P. Grosjean

24                                UNITED STATES MAGISTRATE JUDGE

25

26

27

28